ACCEPTED
14-15-00584-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/9/2015 11:04:58 AM
CHRISTOPHER PRINE
CLERK

Filed
7/9/2015 11:04:58 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/14/2015 9:14:11 AM
CHRISTOPHER A. PRINE
Clerk

Cause No. CV-0037918

| | | |
|---|---|---|
| IN RE | § | IN THE COUNTY COURT |
| | § | |
| BRADLEY TURPIN | § | AT LAW NO. 2 |
| | § | |
| | § | GALVESTON COUNTY, TEXAS |

## NOTICE OF APPEAL OF INTERESTED PARTIES METROPOLITAN INSURANCE AND ANNUITY COMPANY AND METROPOLITAN LIFE INSURANCE COMPANY

Interested Parties Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance Company give notice of their intent to appeal the trial court's Final Order Approving Transfer of Structured Settlement Payment Rights (the "Final Order") rendered on June 10, 2015, in Cause No. CV-0037918, styled *In Re Bradley Turpin*, in the County Court at Law No. 2, Galveston County, Texas, to the First or Fourteenth Court of Appeals, Houston, Texas. A true and correct copy of the Final Order is attached and incorporated herein by reference.

Respectfully submitted,

By: _____
Patrick B. Larkin
State Bar No. 24013004
The Larkin Law Firm, P.C.
11200 Broadway, Suite 2705
Pearland, Texas 77584
(281) 412-7500 Telephone
(281) 412-7502 Fax
Email: plarkin@larkin-law.com
*Attorneys for Metropolitan Life Insurance Company and Metropolitan Tower Life Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on _____July 9_____, 2015 a true and correct copy of the foregoing instrument was served electronically, by hand delivery, facsimile, certified mail/return receipt requested, and/or first class mail to all parties of record and interested parties.

_____
Patrick B. Larkin

CAUSE NO. CV-0073918

IN RE: § IN THE COUNTY COURT
 § 
 § AT LAW NO. 2
BRADLEY TURPIN § 
 § GALVESTON COUNTY, TEXAS

## FINAL ORDER APPROVING TRANSFER OF
## STRUCTURED SETTLEMENT PAYMENT RIGHTS

On the 13th day of May, 2015, this case came on for final hearing and trial and consideration by the Court of the Application for Approval of Sale of Partial Payment Rights (the "Application") filed by Structured Asset Funding, LLC d/b/a 123 LumpSum, as the transferee ("SAF" or "Transferee"), and Bradley Turpin as the payee ("Payee" or "Mr. Turpin") pursuant to Chapter 141 of the Texas Civil Practice & Remedies Code (the "Texas Transfer Statute"). The Court, after due consideration of the Application, the Objection and Response to the proposed transfer filed by Metropolitan Tower Life Insurance Company and Metropolitan Life Insurance Company (the "MetLife Opposition"), and the other pleadings and documents on file with the Court and the evidence and testimony presented at the hearing, hereby makes the following findings:

1. This Court has subject matter jurisdiction over this proceeding and personal jurisdiction over the parties. Venue of this matter is proper in Galveston County, Texas and this Court because Mr. Turpin resides in Galveston County, Texas. All persons/entities entitled to be served and/or provided notice of these proceedings have been served and/or provided such notice or have appeared in this proceeding directly and/or through counsel.

2. Mr. Turpin is currently entitled to receive structured settlement payments from Metropolitan Tower Life Insurance Company ("MetLife Tower"). MetLife Tower funded its obligation to make those structured settlement payments to Mr. Turpin through the issuance of

FILED
15 JUN 10 AM 10: 33

COUNTY CLERK
GALVESTON, TEXAS

FINAL ORDER APPROVING TRANSFER OF
STRUCTURED SETTLEMENT PAYMENT RIGHTS--Page 1 of 8

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

an annuity (Group Annuity contract no. 8298, certificate no. 82886) by Metropolitan Life Insurance Company ("Metropolitan Life").

3. Mr. Turpin is married and has two minor children and therefore has three (3) dependents, as that term is defined in the Texas Transfer Statute.

4. Mr. Turpin agreed in a Purchase and Assignment Agreement Contract dated on or about March 10, 2015 (the "Transfer Agreement," a copy of which was filed with the Court as an exhibit to the Application) to transfer and assign to SAF 174 partial monthly payments in the amount of One Thousand Eight Hundred Fifty and No/100 Dollars ($1,850.00) each commencing April 15, 2015 and continuing through and including September 15, 2029. (These monthly payments which were to be transferred and assigned by Mr. Turpin from April of 2015 through September of 2029 shall hereafter be referred to as the "Turpin Assigned Payments." [1]

5. The total monthly structured settlement/annuity payments coming due and owing from and after the date of this Final Order through September of 2029 [the "Term"], which have not been previously transferred and assigned to third parties pursuant to a court-approved transfer/assignment of such payments (the "Previously Assigned Payments")[2], shall be referred

---

[1] A portion of the April, May and June 2015 monthly structured settlement/annuity payments that have not been previously transferred and assigned were initially contemplated by Turpin and SAF to be included in the transaction that is the subject of this Final Order. However, those payments have already come due and owing and been paid and received by MetLife to Turpin (or will be within the next few days after this order is being submitted to the court) and will therefore not be included in the Turpin Assigned Payments. MetLife has fully complied with its obligation relative to the April, May, and June 2015 payments remitted to Mr. Turpin prior to the date of this Final Order. The Turpin Assigned Payments will therefore begin with the July 2015 payment for purposes of this Final Order.

[2] Mr. Turpin completed a prior transaction involving a portion of his monthly structured settlement payments due and owing by MetLife during the Term with Bentzen Financial, LLC and its designated assignee, SuttonPark Structured Settlements, LLC, in 2012, which transaction was approved in a Final Order Approving Transfer of Structured Settlement Payment Rights (the "2012 Order") by the Galveston County Court at Law No. 3, in Cause No. CV-68114. In that 2012 transaction and 2012 Order, Mr. Turpin transferred and assigned to Bentzen/SuttonPark partial monthly payments in the amount of $ 2,500 from November 2012 through September 2029. Mr. Turpin also completed a prior transaction involving a portion of his monthly structured settlement payments due and owing during the Term with Structured Asset Funding, LLC and its designated assignee, Madison Avery Settlement Fund, LLC in 2013, which transaction was approved in a Final Order Approving Assignment of Structured Settlement Payments (the "2013 Order") by the Galveston County Court at Law No. 1, in

FINAL ORDER APPROVING TRANSFER OF
STRUCTURED SETTLEMENT PAYMENT RIGHTS--Page 2 of 8

---

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

to as the "Term Payments."[3] A portion of each monthly Term Payment coming due and owing from and after the date of this Final Order through September of 2029 that are not being transferred and assigned by Mr. Turpin (the "Turpin Assigned Payments"), and which have not been previously transferred and assigned by Mr. Turpin, under the Prior Court Orders (the Previously Assigned Payments) and which shall be retained by Mr. Turpin, shall hereafter be referred to as the "Remaining Turpin Monthly Payments".

6.      SAF has assigned all of its right, title, and interest in and to the Transfer Agreement and the Turpin Assigned Payments to an affiliate, Andrew Jonathan Settlement Fund, LLC ("Andrew Jonathan"). The proposed transfer of the Turpin Assigned Payments by Mr. Turpin to SAF and, ultimately, to Andrew Jonathan, as reflected in the Transfer Agreement and described in the Application, satisfies and complies with all statutory requirements of Chapter 141 of the Texas Civil Practice and Remedies Code (the "Texas Transfer Statute"), and does not contravene any applicable statute or an order of any court or other governmental authority. The transfer also satisfies the Internal Revenue Code Section 5891 and does not contravene any Federal or State statute or the order of any court or responsible administrative authority.

---

Cause No. CV-69309. In that 2013 transaction and 2013 Order, Mr. Turpin transferred and assigned to SAF/Madison Avery partial monthly payments in the amount of $ 1,000 each from May 2013 through April of 2028. The payments previously transferred and assigned by Mr. Turpin in the 2012 Order and 2013 Order shall hereafter be referred to as the Previously Assigned Payments. The Court finds that MetLife is making the Previously Assigned Payments directly to SuttonPark and Madison Avery pursuant to the 2012 Order and 2013 Order and will continue to do so after this order is signed.

[3] As a result of the 2012 Final Order and the 2013 Final Order (the "Prior Court Orders"), and in light of this Final Order, Mr. Turpin is currently receiving $ 730.00 per month from the structured settlement/annuity payments due and owing by MetLife and will continue to receive that amount through April of 2028, when the transaction approved in the 2013 Final Order concludes, at which time, Mr. Turpin will be receiving $8,307 per month until September of 2029, when the transaction approved in the 2012 Final Order is concluded. The monthly payments due and owing by MetLife between the date of this Final Order and September of 2029 (the Term), which have not, prior to the date of this Final Order, been transferred and assigned to any third party and were being paid and remitted monthly to Mr. Turpin by MetLife, shall be referred to in this Final Order as the "Term Payments." The Term Payments, which include the payments to be transferred and assigned pursuant to this Final Order, are the payments which will be the subject of the Servicing Arrangement as hereafter described.

**FINAL ORDER APPROVING TRANSFER OF**
**STRUCTURED SETTLEMENT PAYMENT RIGHTS**--Page 3 of 8

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
        Denise Marsh

7.     The transfer of the Turpin Assigned Payments to SAF, and ultimately, to Andrew Jonathan, is in the best interest of Payee, taking into account the welfare and support of Payee's dependents, if any.

8.     Payee has been advised in writing by Andrew Jonathan to seek independent professional advice regarding the transfer, and has either received the advice or knowingly waived the opportunity to seek and receive said advice in writing.

9.     Disclosures to the Payee were made, and notices of the hearing and the filing of the Application were provided to all interested parties, including Metropolitan Life and MetLife Tower (collectively, sometimes referred to herein as "MetLife") in accordance with the Texas Transfer Statute. Payee has been advised that his death prior to the due date of the last Turpin Assigned Payment shall not affect the transfer of the Turpin Assigned Payments from Payee to SAF and Payee understands he is giving up his rights, and the rights of his heirs, successors and/or beneficiaries, to the Turpin Assigned Payment, and Payee has requested that this transfer be approved.

10.     The Court has considered the objection/opposition filed by MetLife Tower and Metropolitan Life and herby overrules and denies said objection/opposition.

11.     The Court further finds that MetLife Tower and Metropolitan Life are not being and will not be required or directed to divide any structured settlement/annuity payments amongst Mr. Turpin and Andrew Jonathan or any other party.

12.     This Final Order constitutes a "Qualified Order" under 26 U.S.C. § 5891, *et seq.*

13.     The Court finds that SAF and Mr. Turpin have agreed to an increase in the purchase price to be paid to Mr. Turpin in connection with the proposed transfer to One Hundred Ninety Thousand and 00/100 Dollars ($190,000.00).

---

**FINAL ORDER APPROVING TRANSFER OF
STRUCTURED SETTLEMENT PAYMENT RIGHTS**—Page 4 of 8

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
     Denise Marsh

Based on the foregoing findings and the evidence submitted to the Court and being satisfied that the proposed transfer satisfies all applicable statutory requirements, IT IS ORDERED, ADJUDGED, AND DECREED that the Application is GRANTED and the transfer and assignment of all of Payee's right, title, and interest in and to the Turpin Assigned Payments by the Payee to SAF, and ultimately to Andrew Jonathan, is APPROVED.

IT IS FURTHER ORDERED that the MetLife Opposition is hereby denied and overruled.

IT IS FURTHER ORDERED that in furtherance of the Court's order granting the Application and approving the proposed transfer described herein, Metropolitan Life Insurance Company and MetLife Tower and Annuity Company, are hereby authorized and directed to pay and remit to Andrew Jonathan, and as Mr. Turpin's designated and authorized payment agent for purposes of receiving the Term Payments, 100% of the Term Payments (the monthly structured settlement/annuity payments that come due and owing by Metropolitan Life and/or MetLife Tower from June of 2015 through September of 2029 which have not been previously transferred and assigned to a third party in a prior, court-approved transfer [the Previously Assigned Payments], when and as said Term Payments come due. (Specifically, MetLife will continue to pay and remit the Previously Assigned Payments to the designated transferees and assignees as reflected in the Prior Court Orders and will send only the Term Payments to Andrew Jonathan). Upon receipt of each monthly Term Payment, Andrew Jonathan shall retain the portion of each Term Payment that constitutes a Turpin Assigned Payment ($1,850 out of the total monthly Term Payment of $7,307 per month through April of 2028 and out of the total monthly Term Payment of $ 8,307 per month from May of 2028 through September of 2029), and is ordered to pay and remit to Mr. Turpin the portion of said Term Payments that constitute the Remaining Turpin Monthly Payments ($ 5,457.00 per month from June of 2015 through April of 2028 and

**FINAL ORDER APPROVING TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS**—Page 5 of 8

---

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

$6,457.00 per month from May of 2028 through September of 2029). This arrangement shall be referred to as the "Servicing Arrangement."

IT IS FURTHER ORDERED that the Term Payments shall be sent directly to Andrew Jonathan by Metropolitan Life pursuant to this order and the Servicing Arrangement described herein, at the following address or to such other address designated by Andrew Jonathan:

> Andrew Jonathan Settlement Fund, LLC
> P.O. Box 200699
> Pittsburgh, PA 15251-0699

IT IS FURTHER ORDERED that Metropolitan Life and MetLife Tower shall absolutely, irrevocably, and forever discharge and satisfy their legal and contractual obligation to make the Term Payments (including the Turpin Assigned Payments and the Remaining Turpin Monthly Payments) by paying and remitting said Term Payments to Andrew Jonathan, pursuant to this court order and the Servicing Arrangement and by doing so, Metropolitan Life and MetLife Tower are forever released from, and shall have not have, any current or future liability or obligation to Mr. Turpin for the Term Payments. By signing and approving this order, Mr. Turpin acknowledges, understands, and agrees that he will receive the Remaining Turpin Monthly Payments through Andrew Jonathan (as the servicer under this Final Order and as his designated payment agent solely for purposes of receiving and distributing the Term Payments to Mr. Turpin pursuant to the Servicing Arrangement and this Final Order) and that Metropolitan Life and MetLife Tower shall not be obligated to make any portion of the Term Payments directly to Mr. Turpin; that Mr. Turpin shall look solely and exclusively to Andrew Jonathan for the Remaining Turpin Monthly Payments; and that Metropolitan Life and MetLife Tower shall not, following the signing of this Final Order by the Court, have any obligation or liability (contractual or legal) to Mr. Turpin relative to the Term Payments, including the Remaining Turpin Monthly Payments.

**FINAL ORDER APPROVING TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS**--Page 6 of 8

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

IT IS FURTHER ORDERED that the Remaining Turpin Monthly Payments shall remain the property of Mr. Turpin, even though said payments are to be paid and remitted to Andrew Jonathan pursuant to the Servicing Arrangement and this Final Order.

IT IS FURTHER ORDERED that Metropolitan Life and MetLife Tower are not being forced or required or ordered to split or divide any structured settlement/annuity payments amongst Mr. Turpin and Andrew Jonathan and shall not be required to do so in the future.

IT IS FURTHER ORDERED that Metropolitan Life and MetLife Tower shall irrevocably change the beneficiary for the Turpin Assigned Payments to Andrew Jonathan, and no other individual or entity other than the Transferee shall have the authority to change the beneficiary for the Turpin Assigned Payments.

IT IS FURTHER ORDERED that pursuant to the Texas Transfer Statute, by making and delivering the Term Payments to Andrew Jonathan as set forth in the preceding paragraphs, MetLife shall, as to all parties except Andrew Jonathan, be discharged and released from any and all liability for the Term Payments. *It is further Ordered that SAF shall pay One Thousand Five Hundred Dollars ($1,500) to Pat Robertson Financial Consultant for providing Indep Financial Services is this matter*

All costs of Court are taxed against MetLife. This Final Order is a final judgment and is intended to and does fully and finally dispose of all claims and relief requested in this proceeding. All other relief not expressly granted in this order is DENIED.

SIGNED this __9__ day of June, 2015.

*Barbara E. Roberts*
JUDGE PRESIDING

FILED

15 JUN 10 AM 10: 33

*Dwight L. Sullivan*
COUNTY CLERK
GALVESTON COUNTY, TEXAS

**FINAL ORDER APPROVING TRANSFER OF**
**STRUCTURED SETTLEMENT PAYMENT RIGHTS--Page 7 of 8**

---

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

Agreed to and Approved
As to Form and Substance:

_____
Bradley Turpin

NESBITT, VASSAR & MCCOWN, LLP
15851 Dallas Parkway, Suite 800
Addison, TX 75001
PH. (972) 371-2411
Telecopier - (972) 371-2410

By: _____
Earl S. Nesbitt
State Bar No. 14916900
David S. Vassar
State Bar No. 20503175
J. Brian Dear
State Bar No. 24032117

ATTORNEYS FOR STRUCTURED ASSET
FUNDING, LLC d/b/a 123 LUMPSUM AND
ANDREW JONATHAN SETTLEMENT FUND,
LLC

**FINAL ORDER APPROVING TRANSFER OF**
**STRUCTURED SETTLEMENT PAYMENT RIGHTS**—Page 8 of 8

FILED

15 JUN 10 AM 10: 32

_____
COUNTY CLERK
GALVESTON COUNTY, TEXAS

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on June 10, 2015



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh